This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38647

**NEIL LA SALLE,**

Plaintiff-Appellant,

v.

**COUNTY OF OTERO and
SILVIA C. TILLBROOK, Custodian
of Public Records for Otero County,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Steven Blankinship, District Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Albuquerque, NM

for Appellant

Mynatt Martínez Springer P.C.
Blaine T. Mynatt
Sara E. Woods
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff Neil La Salle appeals from the district court's order granting summary judgment in favor of Defendants Otero County and Sylvia C. Tillbrook, custodian of public records for Otero County, on Plaintiff's claim pursuant to the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019). [RP 135-36] This Court issued a notice of proposed disposition

considering Plaintiff's arguments and proposing to reverse and remand, in pertinent part, because it appeared that the district court erred in granting summary judgment in light of existing disputed material facts. [CN 6] Defendants have filed a memorandum in opposition to this Court's notice of proposed disposition. Having given due consideration to Defendants' arguments, this Court reverses the grant of summary judgment.

**{2}** In this Court's calendar notice, we proposed to conclude that it was improper for the district court to resolve this dispute at the summary judgment phase in that there were existing disputed material facts. [CN 6] *See generally* Rule 1-056 NMRA; *Benavidez v. Shutiva*, 2015-NMCA-065, ¶ 31, 350 P.3d 1234 (indicating that disputed material facts preclude summary judgment); *see also Child., Youth & Fams. Dep't v. Erika M.*, 1999-NMCA-036, ¶ 13, 126 N.M. 760, 975 P.2d 373 (indicating that, even if the actual "facts are undisputed, if conflicting inferences can be drawn, summary judgment is improper").

**{3}** In response to our proposed conclusion, Defendants raise two claims of error. [MIO 7] First, Defendants argue that reversal of the district court's summary judgment on the basis of Plaintiff's request for relief under Rule 1-056(F) is improper because Plaintiff's request was procedurally improper and insufficient. [MIO 6] Second, Defendants claim that the district court was not required to complete an in camera review of the records at issue because the necessary information was provided through sworn affidavit and privilege log. [MIO 9] We have considered these arguments, but are unpersuaded.

**{4}** In our proposed disposition, we suggested that at least one genuine issue of material fact remained in dispute: Whether the content of the recorded interviews requested by Plaintiff was opinions about employees and procedures within the Otero County Sheriff's Department. [CN 4] "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "An issue of fact is 'genuine' if the evidence before the court considering a motion for summary judgment would allow a hypothetical fair-minded fact[-]nder to return a verdict favorable to the non-movant on that particular issue of fact. An issue of fact is 'material' if the existence (or non-existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276 (internal quotation marks and citation omitted). After considering the arguments, we conclude that genuine issues of material fact were in dispute at the time of the motion for summary judgment.

**{5}** In our calendar notice, we noted that Rule 1-056(F) appears to contemplate Plaintiff's position, providing:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his position, the court may refuse the application for judgment or may order a

continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[CN 4] We noted that Plaintiff's response to Defendants' motion for summary judgment included an affidavit from counsel, appearing to assert that Plaintiff could not present facts essential to justify his position on summary judgment pursuant to Rule 1-056(F), because Plaintiff had been unable to inspect the documents at issue. [RP 95-97] Plaintiff's affidavit specifically averred that "Plaintiff needs to conduct discovery on the following issues by the depositions of Cassie Green." [RP 96]

**{6}** Defendants assert in their memorandum in opposition that Plaintiff's request for Rule 1-056(F) relief was "procedurally improper and insufficient." [MIO 6] As to the litigation strategy employed by Plaintiff, Defendants argue: "Procedurally, if [Plaintiff] believed discovery was required before the trial court could rule on [Defendants'] motion for summary judgment, he should have filed a separate motion under Rule 1-056(F)[.] Instead, [Plaintiff] filed a response to [Defendants'] motion, and incorporated a request for relief under Rule 1-056(F)." [MIO 7-8] Defendants claim that "[t]he fact that [Plaintiff] had sufficient information to respond to [Defendants'] motion renders his request for relief under Rule 1-056(F) moot." [MIO 8]

**{7}** While it is true that Plaintiff's request pursuant to Rule 1-056(F) was a part of his response to the motion for summary judgment, Defendants provide us with no authority to suggest that a separate motion is necessary to controvert a movant's right to summary judgment by asserting the need for discovery. [MIO 8] Where a party cites no authority to support an argument, we may assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. It appears that Plaintiff's response to the motion for summary judgment was consistent throughout, both attaching the affidavit [RP 95-97] and disputing what Defendants claimed to be "undisputed material facts." [RP 88-97]

**{8}** As to Defendants' claim that the affidavit was "insufficient because it did not establish how [Plaintiff] would rebut [Defendants'] motion for summary judgment through discovery," we remain unpersuaded. Plaintiff identified a particular person, the same human resources representative who submitted an affidavit [RP 65-66] to support Defendants' motion for summary judgment [RP 57-72], who would know information regarding the contents of the recordings, which Plaintiff consistently asserted was at issue [RP 88, 93-94, 96].

**{9}** Finally, Defendants argue that the district court was not required to complete an in camera review of the records at issue because the necessary information was provided through sworn affidavit and privilege log. [MIO 9] As Defendants note, this Court did not reach the question of whether the disputed records were exempt under IPRA in our proposed disposition. [CN 2, MIO 10]. Thus, to the extent that Defendants ask us to reassess whether the district court should have done an in camera review, we decline to consider the issue. *See Am. C.L. Union of N.M. v. Duran*, 2016-NMCA-063, ¶ 45, 392 P.3d 181 ("Our IPRA jurisprudence contemplates in camera review in

circumstances in which the applicability of a disclosure exception is in question."); *Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 49, 283 P.3d 853 ("Where appropriate, courts should conduct an in camera review of the documents at issue as part of their evaluation of privilege.").We note that the district court's decision to decline to conduct an in camera review of the recordings and documents simply supports our conclusion that the contents of the recordings remain a disputed issue of material fact; we also note that neither party opposed an in camera review of the disputed recordings and documents. [RP 93-94; MIO 11] Summary judgment, however, "is not an opportunity to resolve factual issues, but should be employed to determine whether a factual dispute exists." *Gardner-Zemke Co. v. State*, 1990-NMSC-034, ¶ 11, 109 N.M. 729, 790 P.2d 1010; *see id.* (explaining that where factual findings are required, "a motion for summary judgment should be denied and the factual issues should proceed to trial").

**{10}**    We conclude that this matter was not yet appropriate for summary judgment. "We are mindful that summary judgment is a drastic remedial tool which demands the exercise of caution in its application, and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted). "We recognize that it is generally inadvisable to grant summary judgment before discovery has been completed." *Sandel v. Sandel*, 2020-NMCA-025, ¶ 30, 463 P.3d 510 (alteration, internal quotation marks, and citation omitted). Based on the existence of genuine issues of material fact regarding the contents of the recordings and documents at issue, we hold that the district court erred in granting the motion for summary judgment.

**{11}**    For the reasons stated above and in this Court's notice of proposed disposition, the district court's order granting summary judgment is reversed.

**{12}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**